IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HELEODORO LUVIANO-CABRERA,<br><br>　　　　　　　Defendant. | 8:25-CR-90<br><br>MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON MOTION TO SUPPRESS |

　　　　This matter is before the Court on defendant Heleodoro Luviano-Cabrera's Motion to Suppress, Filing 38, and Magistrate Judge Michael D. Nelson's Findings and Recommendation regarding that motion, Filing 55. Judge Nelson issued his Findings and Recommendation after holding an evidentiary hearing on the defendant's motion. Filing 49 (Text Minute Entry); Filing 54 (Transcript). Judge Nelson recommends that the motion be denied. Filing 55 at 1. The defendant has not objected to the Findings and Recommendation, and the time for doing so has since expired. *See* Filing 55 at 12 (citing NECrimR 59.2). Having reviewed the record and Judge Nelson's order, the Court adopts the Findings and Recommendation in its entirety and denies the defendant's Motion to Suppress.

## I.　BACKGROUND

　　　　On April 21, 2025, the Grand Jury returned a two-count indictment against the defendant and two codefendants, Ricardo Gutierrez-Castillo and Eric Luviano-Cabrera. Filing 1. The Indictment charged all three defendants with conspiracy to distribute and possess with intent to

1

distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1). Filing 1 at 1. The Indictment also charged this defendant, Heleodoro Luviano-Cabrera, with illegally reentering the United States in violation of 8 U.S.C. § 1326(a). Filing 1 at 1–2. The defendant subsequently filed a Motion to Suppress seeking "to suppress all statements (including the consent to search his phone) allegedly made [by the defendant] on or about January 3, 2025, during a custodial interrogation conducted by Omaha Police Detective Juan Jimenez." Filing 38 at 1. In his brief in support of his motion, the defendant argues that he invoked his right to counsel when he asked Detective Jimenez, "What lawyer am I going to get?" near the beginning of the custodial interview. Filing 39 at 3. The defendant also argues that he did not knowingly and voluntarily waive his *Miranda* rights because he "is illiterate, has only lived in the United States for three years, has no prior criminal experience, and repeatedly expressed confusion about the rights read to him." Filing 39 at 5, 10. The defendant asks the Court to suppress all of the statements made during the custodial interrogation, and he asks the Court to suppress the evidence obtained from the search and seizure of his cell phone because his "so-called consent to hand over his cellphones did not stem from a voluntary choice but from questioning that persisted in direct violation of *Miranda*." Filing 39 at 5, 11. The Government filed a response to the defendant's motion, Filing 44, and Judge Nelson held an evidentiary hearing on the motion, Filing 49.

Following that hearing, Judge Nelson issued his Findings and Recommendation recommending that the defendant's motion be denied. Filing 55. Judge Nelson's order included an admonition to the parties that "[p]ursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served a copy of this Findings and Recommendation." Filing 55 at 12. The defendant has not objected to Judge Nelson's Findings and Recommendation and the time for objections has passed.

The defendant has therefore waived any objections he may have. *See* NECrimR 59.2(e); Fed. R. Crim. P. 59(b)(2).

## II. APPLICABLE STANDARDS

Section 636 of Title 28 of the United States Code governs the Court's authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of" a motion to suppress evidence in a criminal case. 28 U.S.C. § 636(b)(1)(B). Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Eighth Circuit has held that "where the district court does not conduct a de novo review of a magistrate judge's report where such review is required, this is reversible error." *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)). When no objection is made, however, the Court must only review the magistrate judge's findings and recommendation for clear error. *See Grinder*, 73 F.3d at 795 (explaining that if no objections had been filed and if the filing period had expired, the district court "would only have to review the findings of the magistrate judge for clear error"); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619–20 (8th Cir. 2009) (determining that since "section 636(b)(1) provide[s] for de novo review *only* when a party objected to the magistrate judge's findings or recommendations," the parties' "failure to file objections eliminates not only the need for de novo review, but *any* review by the district court" (internal quotation marks and citation omitted) (emphasis in the original)). As the Court explained above, there are no objections to Judge Nelson's Findings and Recommendation. Accordingly, the Court reviews the Findings and Recommendation

for "plain error." *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing "the magistrate judge's findings of fact for plain error" where no objections to the report were filed).

### III. DISCUSSION

The Court has thoroughly reviewed the record and Judge Nelson's order and finds that the Findings and Recommendation should be adopted in its entirety. Judge Nelson correctly concluded that the defendant voluntarily, knowingly, and intelligently waived his *Miranda* rights. *See United States v. Vinton*, 631 F.3d 476, 483 (8th Cir. 2011) (addressing the "'two distinct dimensions' to the inquiry [of] whether a suspect's waiver of his *Miranda* rights was voluntary, knowing, and intelligent" (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986))). As to the voluntariness of the defendant's waiver, Judge Nelson is correct that there is no evidence or testimony showing that the defendant was intimidated, coerced, or threatened by the police prior to his interview, nor is there any evidence suggesting that Officer Jiminez deceived or coerced the defendant or made any promises or misrepresentations to procure his waiver of his *Miranda* rights. *See United States v. Boslau*, 632 F.3d 422, 428 (8th Cir. 2011) ("A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." (internal quotation marks and citation omitted)). On the contrary, the evidence in the record shows that the defendant was not handcuffed or restrained, that Officer Jiminez accommodated the defendant's request for water and his request to use the restroom, and that Officer Jiminez addressed the defendant one-on-one in conversational tones and never gestured to or brandished his firearm. *See id.* ("We discern whether a confession is voluntary under the totality of the circumstances, examining both the conduct of the officers and the characteristics of the accused." (internal quotation marks and citation omitted)). Judge Nelson also properly concluded that the defendant's waiver was knowing and intelligent, as the evidence

demonstrates that Officer Jiminez advised the defendant of his rights multiple times and made clarifying statements to ensure the defendant understood his rights. *See Vinton*, 631 F.3d at 483 (explaining that for a waiver to be knowing and intelligent, "the suspect must have waived his rights with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it" (internal quotation marks and citation omitted)). Officer Jiminez testified that the defendant seemed like a normal adult male. Although the defendant is illiterate, he was able to converse with Officer Jiminez in Spanish and to express his understanding of his *Miranda* rights in his responses to Officer Jiminez's verbal explanation of those rights. *See United States v. DaCruz-Mendes*, 970 F.3d 904, 909 (8th Cir. 2020) (upholding the district court's conclusion that the defendant had knowingly and voluntarily waived his *Miranda* rights after the detective read the *Miranda* waiver to the defendant in Spanish and the defendant indicated in Spanish that he understood the content).

Judge Nelson also correctly concluded that the defendant did not invoke his right to counsel during the custodial interrogation. *See United States v. Lander*, 144 F.4th 1058, 1064 (8th Cir. 2025) ("But 'we have consistently held that only a clear and unequivocal request for the assistance of counsel may serve to invoke a defendant's right.'" (quoting *United States v. Kelly*, 329 F.3d 624, 630 (8th Cir. 2003))). Under Eighth Circuit Court of Appeals precedent, the defendant's statement of "What lawyer am I going to get?" was not an unequivocal request for counsel because a reasonable officer under the circumstances could have understood the statement to be a clarifying question about the defendant's ability to obtain counsel. *See United States v. Havlik*, 710 F.3d 818, 821–22 (8th Cir. 2013) (holding that the defendant's statement of "I don't have a lawyer. I guess I need to get one, don't I?" was not sufficient "to trigger an obligation to cease questioning" because "a reasonable officer could have understood [the defendant's] response to be a request for advice

about whether to seek counsel, rather than a request for counsel"). Finally, Judge Nelson correctly determined that because the defendant's constitutional rights were not violated during the interrogation, the defendant's consent to search his cell phone was not the product of any constitutional violation. Accordingly,

IT IS ORDERED that Judge Nelson's Findings and Recommendation, Filing 55, is adopted in its entirety and defendant Heleodoro Luviano-Cabrera's Motion to Suppress, Filing 38, is denied.

Dated this 2nd day of December, 2025.

BY THE COURT:

Brian C. Buescher
United States District Judge